

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BRANDON LEE CONRAD, an individual;
WERDNA S. CONRAD, an individual; and
WERDCO BC, INC., a Nevada corporation,

    Plaintiff,

vs.

SINCLAIR LEASING CO., INC., a Texas corporation; DAVID S. CHILES, JR., an individual, *et al.*,

    Defendants.

Case No.: 2:07-CV-1424-BES-LRL

**ORDER**

Presently before the court is a Notice to Counsel Pursuant to Local Rule 41-1 (#45) submitted by the Court Clerk's office seeking dismissal of this matter for want of prosecution as to defendants Sinclair Leasing Co., Inc. and David S. Chiles, Jr. The Notice was entered on January 29, 2009 and advised Plaintiffs of a dismissal deadline of February 28, 2009. Plaintiffs have not filed a response.

**BACKGROUND**

This matter was originally removed to this court on October 25, 2007. (#1). Later, on December 31, 2007, defendant Central Texas Frame & Alignment, Inc. ("Central Texas") filed a Motion to Dismiss for Lack of Jurisdiction. On January 2, 2008, this court issued a minute order (#8) to comply with the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). The minute order notified Plaintiffs that their opposition must be filed within fifteen (15) days. Plaintiffs did not respond to the motion and this court granted it on March 6, 2008. (#29). On February 13, 2008 Defendant

Union Bank & Trust Company ("Union Bank") filed a Motion to Dismiss for Lack of Jurisdiction and Alternative Motion to Dismiss for Improper Venue. (#22). Again, this court issued a minute order (#23) to comply with the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). Plaintiffs did not respond to the motion and on April 16, 2008 the court granted this motion as well (#37). It appears that Plaintiffs' last activity in this case was their participation in a Joint Statement Re: Removal (#7) on November 28, 2007. Indeed, as noted earlier, Plaintiffs did not even respond to Central Texas or Union Bank's motions to dismiss.

In accordance with Fed. R. Civ. P. 41(b) and LR 41-1, and having considered the the posture of this case, the court finds that dismissal is appropriate.

## DISCUSSION

### A.     Federal Rule of Civil Procedure 41 and Local Rule 41-1

Federal Rule of Civil Procedure 41 governs the involuntary dismissal of a plaintiff's claim for failure to prosecute. It provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Involuntary dismissal is within the discretion of the court. Bishop v. Lewis, 155 F.3d 1094, 1096 (9th Cir. 1998). It is self evident that Plaintiffs have failed to prosecute this action in any meaningful way. They even failed to oppose motions to dismiss. LR 41-1 provides that all civil actions that have been pending in this court for more than nine (9) months without any proceeding of record having been taken, may, after notice, be dismissed for want of prosecution on motion of counsel or by the court. Here, despite notice otherwise, Plaintiffs have not participated in any proceeding of record in almost seventeen months. Under these circumstances, dismissal of this case pursuant to Fed. R. Civ. P. 41(b) is appropriate.

Moreover, the public's interest in the expeditious resolution of this case, the court's need to manage its docket and prejudice to defendants Sinclair Leasing Co., Inc. and David S. Chiles, Jr. require dismissal.

///

///

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiffs' claims against defendants Sinclair Leasing Co., Inc. and David S. Chiles, Jr. are DISMISSED without prejudice. The clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 22rd day of April 2009.

_____
United States District Judge